Per Curiam.

The rights of the parties must be determined by Federal law (Garrett v. Moore-McCormack Co., 317 U. S. 239 [1942]; Riley v. Agwilines, 296 N. Y. 402 [1947]). The defendant must sustain the burden of proving that the prior recovery in the seaman’s negligence action included the claim for maintenance and cure asserted here (Bartholomew v. Universe Tankships, 279 F. 2d 911, 916 [2d Cir., 1960]). The court below confessed to an inability to decide if the prior verdict included maintenance and cure elements due to a failure of proof and then erroneously dismissed the complaint. * ‘ The test to be applied * * * is a simple one: the items of damages specified and included in the instructions to the jury are presumed to be included in the general verdict ”. (Bartholomew v. Universe Tankships, supra, pp. 915-916.)
*20 The judgment should be reversed and new trial ordered, with $30 costs to abide the event.
Concur — Markowitz, P. J., Quinn and Frank, JJ.
Judgment reversed, etc.